273 A.2d 486.

JUDITH A. PARKER vs. PLEASANT REALTY Co.

FEBRUARY 10, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This civil action for the alleged conversion of household goods and personal belongings was tried to a Superior Court justice and a jury which returned a verdict

for the plaintiff on her claim and for the defendant on its counterclaim for unpaid rent. It is before us on the defendant's appeal from the judgment accordingly entered and from an order denying defendant's motion to alter judgment.

The record establishes that plaintiff became a month-to-month tenant of defendant in August of 1967 at a monthly rental of $75. It further establishes that the rent was due in advance on the fourteenth of each month and was so paid until December 14, 1967.

Thereafter, in the early part of January 1968, a representative of defendant called at the let premises and found them unoccupied and, according to defendant's evidence, apparently abandoned. In light of this situation, defendant, on January 18, 1968, engaged a professional mover and had such of plaintiff's household goods and belongings as were found moved from the let premises to a warehouse owned by defendant.[1]

It appears that plaintiff occupied the premises until January 1, 1968, on which date she left, because, according to her testimony, the premises were poorly heated and for other reasons uninhabitable. However, it is uncontradicted that from the day she left until several days after January 18, 1968, defendant had no knowledge of plaintiff's whereabouts or how she could be contacted. Neither did plaintiff make any effort during this period to communicate with defendant. Thereafter, however, there was apparently some discussion between the parties but the nature thereof is not determinable from the record.

In any event, on June 7, 1968, plaintiff filed a summons and complaint alleging that on January 18, 1968, defendant, without permission of plaintiff, entered the let prem-

---

[1]The record establishes that defendant continues to hold the personal belongings thus stored and does so in connection with its claim to the common-law remedy of distress.

ises and removed plaintiff's household and personal effects converting the same to its own use. Wherefore, she demanded compensatory damages in the sum of $5,000.

Answering, defendant denied generally and averred that to the extent that it had taken possession of plaintiff's property, it had done so under its right of distress for unpaid rent. See *Smith* v. *DeFusco*,[2] 107 R. I. 392, 267 A.2d 725.

Additionally, defendant filed two counterclaims. One was for unpaid rent, while the other prayed that an order be entered permitting defendant to sell the distrained property.

No useful purpose would be served in an exhaustive detailing of the evidence adduced by the parties at trial. Suffice it to note that while plaintiff claimed to have left the premises only until the weather moderated and that she left the door locked with the apartment in good order, defendant's representative testified that he found the door unlocked, heat turned off and the apartment in a ransacked condition, seemingly abandoned. On this latter connection, two witnesses repeatedly testified for defendant that the premises were apparently abandoned and that it was because of this impression that defendant decided to retake

---

[2]There at page 728 this court stated:

"As an alternative defense, notwithstanding his at-trial denial of responsibility for appropriating the 91 items, defendant now concedes, perhaps arguendo, that he took the goods; and he justifies the taking by invoking the common-law right of distress which, broadly stated, permits a landlord to go upon demised premises and to seize all movables he might there find in order to satisfy his claim for overdue arrearages of rent. 2 Tiffany, Landlord and Tenant §325 et seq. (1910).

"Obviously that argument, *even if we were to assume that the remedy of distress is available to Rhode Island landlords,* has no place in this case for it lacks the prerequisite evidentiary predicate of at least some showing that defendant seized plaintiff's movables for the purpose of securing the rent arrearages." (Italics supplied.)

possession and distrain plaintiff's personal property for the unpaid rent.

After both parties had rested, defendant requested the trial justice to instruct the jury as follows:

"After a tenant is behind in her rent for 15 days, a landlord is entitled, without notice, to re-enter the premises and re-take possession of the premises. (General Laws 34-18-8 * * *)."

The statutory authority on which this request was made provides as follows:

General Laws 1956 (1969 Reenactment) §34-18-8. "34-18-8. Right to repossession for delinquency in rent.—If, in any case of letting, whether by writing or parol, the stipulated rent, or any part of the same, be due and in arrear for a period of fifteen (15) days, whether demanded or not, the landlord or reversioner may reenter and repossess himself of the lands, buildings or parts of buildings let, or recover possession of the same from the tenant, or any person holding under him, discharged from the lease."

The trial justice refused to give this instruction. Rather, apparently influenced by all of the testimony relative to defendant's impression that the premises had been abandoned by plaintiff, he instructed the jury as follows:

"The primary question for the jury in this case is whether or not Mrs. Parker did, in fact, abandon these premises. If she had not abandoned them, the defendants, to cause her eviction, should have brought legal action against her. The legal action is known as trespass and ejectment.

"If, however, Mrs. Parker had abandoned the premises, the bringing of a legal action against her would [be] a nullity and unnecessary."

Continuing with this instruction, the trial justice proceeded to define what constituted abandonment. He concluded this portion of his charge as follows:

"It is undisputed that no writ of trespass and ejectment was brought against Mrs. Parker. As a result,

I instruct you that as a matter of law that the defendant corporation converted her property by removing it from the apartment and exercising control over it if she had not abandoned it."

The defendant duly objected both to the trial justice's refusal to instruct as requested and the quoted instruction relative to defendant's unlawful removal of plaintiff's property if the jury were to find that plaintiff had not in fact abandoned the premises.

The jury returned a verdict for plaintiff in the sum of $820 plus interest and for defendant in the sum of $70 plus interest on its counterclaim for unpaid rent.

It should be noted that the verdict of $70 for one month's rent rather than $75, the admitted monthly rental, was in accordance with the trial justice's instructions. He charged that defendant was entitled to a verdict of $70 for rent from December 14, 1967, to January 14, 1968 in any event and to an additional monthly rent of $70 if the jury found that plaintiff had in fact abandoned the apartment.[3] It should be further noted that defendant made no objection to this instruction, and in the overall view we take of defendant's appeal, we think that this particular instruction became the law of the case.

After the jury had returned its verdicts, defendant moved to alter judgment in accordance with the provisions of Super. R. Civ. P. 59(e). This motion sought to reduce the verdict on plaintiff's claim from $820 plus interest to $550 plus interest. This request was predicated on defendant's contention that the only competent evidence would not support a verdict in excess of $550.

---

[3] This instruction relative to $70 rather than $75 monthly apparently resulted from the trial justice's misconception of the evidence. The plaintiff testified that the monthly rental was $75; that she made a $5 deposit in August and took possession on September 14, 1967, at which time she paid the balance of $70. Thereafter, she paid $75 on October 14 and November 14, 1967.

Again, in light of our view of the merits of this appeal, defendant's contention regarding the value of plaintiff's belongings as determined by the evidence requires neither consideration nor discussion.

The motion to alter judgment further sought to have the jury's verdict of $70 plus interest for defendant increased to $140 plus interest. As heretofore stated, we think that the jury's award of $70 plus interest should not be disturbed.

At this juncture, it should be noted that in addition to its counterclaim for rent, defendant counterclaimed as follows:

> "*Counterclaim Two*: Defendant has heretofore distrained property of the plaintiff to secure the payment of said rent, and prays that an Order may be entered permitting defendant to sell the same and apply the proceeds thereof to said debt and to the expenses of distraint and sale."

The trial justice denied defendant's motion to alter under Rule 59(e), and judgments were entered on the jury's verdict. He reserved determination on defendant's second counterclaim pending a decision in this court on defendant's appeal from the judgments entered.

From a recitation of the foregoing then, the posture of defendant's appeal to this court requires further consideration only of its contention that the trial justice erred both in the instruction given, to which objection was made, and that denied to which there was also objection. In our judgment defendant is correct on both counts.

Although §34-18-8, on the authority on which defendant purported to repossess the premises, was repealed by P. L. 1970, chap. 7, sec. 1, it was in full force and effect on January 18, 1968, the day on which defendant removed plaintiff's belongings in connection with its repossession of her apartment. In requesting the trial justice to instruct the jury that it had a right to remove plaintiff's belongings

174

and to repossess by virtue of the statute relied on, defendant cited *Providence Savings Bank* v. *Phalen,* 12 R. I. 495. There, Gen. Stat. R. I. chap. 221, §6, precursor to §34-18-8, was held to authorize a landlord to repossess, as did the instant defendant, when rent due was in arrears for more than 15 days. True, when the *Phalen* case was decided, the applicable statute included the requirement of a demand for the unpaid rent before "self help," so-called, could be invoked. However, the requirement of demand was eliminated in the revision of G. L. 1896, chap. 269, §7, and as thus revised remained unchanged until its repeal by P. L. 1970, chap. 7, sec. 1, as aforesaid.

In *Chrones* v. *Wade,* 80 R. I. 154, 94 A.2d 242, this court was concerned with the scope of a landlord's authority under the section in question, and although the decision was adverse to the landlord on other grounds, we nevertheless made clear that the

"* * * purpose of statute was to enable landlord to re-enter or recover possession of the demised premises for nonpayment of rent without demand, a right which he did not have at common law in the absence of such a stipulation in the lease; but the rent must be legally in arrear before the statute operates."

Here, plaintiff freely acknowledged that she had not paid the rent due December 14, 1967. Thus on December 29 of that year, the rent was in arrears for more than 15 days. We think it clear then that defendant was entitled to the instruction requested and the trial justice's refusal to so charge was prejudicial error in that the jury was led to believe that defendant's repossession, without first having recourse to an action for trespass and ejectment, was unlawful.

So too, it was prejudicial error for the trial justice to charge as he did in the instruction, to which objection was taken, that defendant's removal of plaintiff's belongings amounted to conversion as a matter of law, if the jury

were to find that plaintiff had not in fact abandoned the premises.

In so holding we are not unmindful of plaintiff's contention that §34-18-8 was unconstitutional in that it permitted a tenant to be dispossessed without notice. Such a provision, plaintiff argues, constitutes a taking of property without due process in violation of article XIV of amendments to the Constitution of the United States.

We reject such contention, pointing out that one who became a tenant subsequent to the enactment of then §34-18-8 did so with constructive notice that failure to pay rent for more than 15 days after due could subject him to dispossession.

This brings us to a more troublesome question. Having concluded that on the undisputed facts defendant was within its rights in lawfully repossessing plaintiff's apartment, which repossession necessarily involved removing her belongings, does defendant have a conditional right to hold those belongings, such conditional holding being in the nature of a lien?

The defendant argues in the affirmative, relying on the common-law remedy of distress. See 32 Am. Jur. *Landlord and Tenant* §613. Contrariwise plaintiff argues with great force that this common-law remedy was never recognized in this jurisdiction, hence never authorized. In this connection, it must be conceded that no case can be found in this jurisdiction wherein the remedy was ever invoked. See italicized portion in footnote 2.

From the total absence of any discoverable case and the admitted fact that the remedy was expressly rejected in some jurisdictions as far back as colonial times, plaintiff urges that it should not now be condoned by this court. Be that as it may, we are of the opinion that regardless of the uncertain status of the common-law remedy of distress prior to the repeal of §34-18-8, by which circumstance

176

it certainly was abolished, we think that the instant defendant's storing and holding of plaintiff's belongings did not amount to a conversion and the judgment for $820 plus interest should be reversed.

However, since defendant has a valid judgment entered for the rent and interest thereon due, as determined by the law of the case, we hold that it is not entitled to further retain plaintiff's belongings.

For the reasons stated, defendant's appeal from the judgment entered for plaintiff is sustained; the judgment appealed from reversed and its appeal from the judgment for rent plus interest denied.

Similarly, the defendant's appeal from the denial of its motion to alter judgment on rent is denied and dismissed and the question of ordering the sale of the plaintiff's property on which the defendant's second counterclaim rests becomes moot.

In accordance with the foregoing, the case is remitted to the Superior Court for entry of judgment for the defendant on the plaintiff's claim and for the defendant on its counterclaim for rent in accordance with the jury's verdict.

*William E. Brady*, for plaintiff.

*Samuel A. Olevson*, for defendant.